# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**WILLIE MCGOWAN,**     **PETITIONER**

v.     No. 2:06CV187-P-A

**STATE OF MISSISSIPPI**     **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Willie McGowan for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the instant petition as untimely filed under 28 U.S.C. § 2244(d). The petitioner has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the state's motion shall be granted, and the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

### Facts and Procedural Posture

Willie McGowan was convicted of one count of capital rape in the Second Judicial District of the Circuit Court of Tallahatchie County, Mississippi, on September 21, 1989, and was sentenced to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections. On April 3, 1991, the Mississippi Supreme Court affirmed the petitioner's conviction without written opinion. *McGowan v. State*, 577 So. 2d 400 (Miss. 1991)(Cause No. 89-KA-1212-SCT). McGowan did not pursue a petition for writ of *certiorari*. The petitioner filed a post-conviction application on September 18, 1992, which the Mississippi Supreme Court denied June 30, 1994. He also filed a post-conviction application with the Mississippi Supreme Court on December 15, 2005. That application was denied as untimely filed on January 12, 2005. The instant petition for a writ of *habeas corpus* was filed on November 13, 2006.

## Discussion

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The petitioner's conviction became final on July 2, 1991, when the time for seeking *certiorari* review expired, ninety days after his conviction was affirmed on direct appeal. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). None of the exceptions in § 2244(d)(1)(B-D) apply in this case; as such, the one-year deadline for the petitioner to file his petition for a writ of *habeas corpus* in federal court would appear to be July 2, 1992. However, the AEDPA's one-year time limit does not begin to run against a state prisoner prior to the statute's date of enactment, April 24, 1996. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir.

2002); *Kiser v. Johnson*, 163 F.3d 326, 327-28 (5th Cir. 1999). As such, all convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's period of limitation. Therefore, under the AEDPA, the petitioner's conviction became final April 24, 1996. The petitioner did not file a motion for post-conviction relief between April 24, 1996, (the date petitioner's limitation period commenced) and April 24, 1997, (the date the limitation period expired). As such, the tolling provision of 28 U.S.C. § 2244(d)(2) does not apply, and the instant petition for a writ of *habeas corpus* was untimely filed.

Under the "mailbox rule," McGowan's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date he delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In the instant case, the petitioner did not date his petition when he signed it. The petition was, however, stamped "filed" in the district court on November 13, 2006. Allowing three days for mailing time, the instant petition was filed on November 10, 2006 – 3,487 days (nearly ten years) after the April 24, 1997, federal *habeas corpus* deadline. The petitioner cites no "rare and exceptional" circumstance to warrant equitable tolling, *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999); as such, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd day of April, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE